NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1756
_____

UNITED STATES OF AMERICA

v.

JONATHAN TRIMINIO,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-12-00698-001)
Honorable Katherine S. Hayden, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
October 8, 2013

BEFORE:  FUENTES, GREENBERG, and BARRY, <u>Circuit</u> <u>Judges</u>

(Filed: October 23, 2013)
_____

OPINION OF THE COURT
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

    This matter comes on before this Court on an appeal from a judgment of

conviction and sentence entered on March 13, 2013, on the basis of appellant Jonathan

Triminio's plea of guilty pursuant to a plea agreement to a single count of unlawful

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Triminio to a 73-month custodial term to be followed by a three-year term of supervised release. The Court calculated that Triminio had a final offense level of 25 with 8 criminal history points, making an advisory sentencing range of 84 to 105 months. The offense level included a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for unlawful possession of body armor.

Triminio appeals only from the use of this enhancement in calculating his offense level as he claims that its use violated his due process rights because he was not convicted of a body armor offense and he did not stipulate that he had possession of body armor. He principally relies on Alleyne v. United States, 133 S.Ct. 2151 (2013), United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). He does not contend, however, that, in terms, the enhancement could not be applied to his possession of body armor, though he does contend that his plea agreement did not contemplate the use of the enhancement in the calculation of his sentencing level.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Although, here, as in most cases, we exercise an abuse of discretion standard in reviewing a sentence, Triminio contends that the District Court erred as a matter of law by including the 4-level body armor enhancement in calculating his offense level and thus, to the extent of considering that argument, we exercise plenary review.

We will affirm. Triminio complains that the District Court, by finding as a fact that he had possession of body armor, violated the rule that he contends that the cases he cites established. But clearly the Court did not violate the principles recognized in those cases. Although possession of body armor could have been charged as a separate offense so that if a jury convicted him of that offense he could have been sentenced for its commission, the government did not make any such charge. Rather, the government referred to the body armor only as a basis for enhancement of Triminio's guidelines offense level and, in doing so, in no way permitted an increase in the statutory sentence that could have been imposed on him or in any other way affected any mandatory minimum or maximum sentence applicable to him. Here the maximum sentence – with or without the 4-level enhancement – was ten years and the enhancement did not increase any mandatory minimum that the Court was obliged to impose. Accordingly, the Court by the use of the enhancement simply increased the advisory but not binding sentencing range to which Triminio was subject. Thus, United States v. Grier, 475 F.3d 556, 559 (3d Cir. 2007) (en banc), which held "that facts relevant to the advisory United States Sentencing Guidelines need not be submitted to a jury" is controlling here and we are constrained to affirm.

We make three additional comments. First, as we noted above, Triminio relies on the very recent case of Alleyne v. United States, 133 S.Ct. 2151 (2013). But that case holds that "any fact that increases the mandatory minimum [sentence for an offense] is an 'element' [of the offense] that must be submitted to the jury." Id. at 2155. Thus, it is the counterpoint to Apprendi which held the same thing with respect to increases in the

3

statutory maximum sentence for an offense. But <u>Alleyne</u>, like <u>Apprendi</u>, is not applicable here because the body armor enhancement did not increase any mandatory minimum sentence to which Triminio was subject. Second, we see nothing in the record that in any way made it unfair for the District Court to use the enhancement in calculating his offense level. To the contrary when the Court calculated his sentencing range it acted consistently with the provisions of Triminio's plea agreement.

Our final comment is that if Triminio is correct it is difficult to understand how a district court ever can make a finding that is the basis for a guidelines sentencing level enhancement. It is ironic that Triminio is making his argument in a case in which he does not even claim that the District Court erred in its finding that he possessed body armor as he does not deny being in possession of it.

For the foregoing reasons the order entered on March 13, 2013, will be affirmed.